THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.    ) | Case No. 1:23-cr-00138-RBW |
| ) | |
| **WILLIAM PATRICK SARSFIELD, III,** ) | |
|  **Defendant**        ) | |
| _____/ | |

## DEFENDANT SARSFIELD'S MOTION FOR RELEASE PENDING SENTENCING

The Defendant, **WILLIAM PATRICK SARSFIELD, III**, by and through undersigned counsel, moves this Court for his immediate release and to allow him to remain on bond pending sentencing in this matter pursuant to 18 U.S.C.§ 3141(b). As grounds therefore, the Defendant would show:

## STATEMENT OF FACTS

The Defendant stood trial for one count of Civil Disorder, a felony punishable by five (5) years, and the four (4) "standard" misdemeanor offenses, all related to the events of January 6, 2021. The Defendant was found guilty as charged on November 1, 2024, and was taken into custody by this Court. As the Court is aware, the Defendant travelled from Texas to Washington with his wife to attend the "Stop the Steal" speech by then-President Donald Trump. After the speech, the couple walked to their parked car, and once there, the defendant elected to go alone to the

Capitol. The Defendant did not "march" to the Capitol with "an angry mob" as argued by the government at trial. At the Capitol, the Defendant made his way to the Lower West Tunnel, where he remained approximately six (6) minutes. The Defendant is seen on video participating in a "heave-ho" approximately three (3) times. He is also seen assisting the movement of police shields in and out of the tunnel.

Later the defendant assisted a Capitol Police Officer to safety at a medical staging area at the north side of Capitol grounds and took a "selfie" photograph with that officer. The Defendant later cooperated with law enforcement, gave a voluntary statement and was arrested in Texas without incident.

Sarsfield was on pretrial release the entire time while awaiting trial. He was always in full compliance with his release conditions.

## LEGAL ARGUMENT

Once a defendant has been convicted of federal charges, 18 USC, section 3141(b) vests authority with district judges and the appellate courts to make bail determinations pending the imposition or execution of sentence or pending appeal of the same.

On November 5, 2024, Donald Trump won the presidential election in a landslide. By all accounts, the election was free of fraud or "rigging."

Consequently, on January 20, 2025, power will be peacefully transferred to him and Donald Trump will be sworn in as the 47th President of the United States.

Under Article II, Section 2, Clause 1 of the U.S. Constitution, the president of the United States is authorized by the U.S. Constitution to grant a pardon for a federal crime. Other forms of the clemency power of the president include the commutation of sentence, remission of fine or restitution, and reprieve.

Pursuant to *Ex Parte Garland*, 71 U.S. 333 (1866), the President's authority to pardon is *unlimited* (except in cases of impeachment), extending to every federal offense known to the law. This presidential power can be exercised *either before legal proceedings are taken, or during their pendency, or after conviction and judgment*.

President-elect Trump has repeatedly vowed to pardon January 6 defendants. He has referred to them as **"unbelievable patriots."** As early as September 2022, in an interview with conservative Pittsburgh broadcaster Wendy Bell, former President Trump said — if he becomes president again — he would issue full pardons and an apology to rioters involved in the January 6, 2021, protests at the U.S. Capitol. **"We'll be looking very, very seriously at full pardons because we can't let that happen,"** Trump told Bell. **"And I mean full pardons. To many, an apology. They've been so badly treated."** During an interview with Time Magazine in April of this year, Trump said he would **"absolutely"** consider pardoning every January 6

defendant, although, when pressed, he said **"If somebody was evil and bad, I would look at that differently,"** Later, in July while at the National Association of Black Journalists' conference in Chicago, Trump was asked if he would pardon rioters who assaulted police officers during January 6. His response: **"Oh, absolutely I would," "If they are innocent, I would pardon them…they were convicted by a very, very, tough system."** As recently as this September, Trump said during a rally in Wisconsin that he planned to **"rapidly review the cases of every political prisoner unjustly victimized by the Harris regime."**

History has shown that President Donald Trump is not shy when it comes to exercising his pardon powers and there is clearly no reason to believe he won't do as he says. During his first term of President, Trump pardoned, commuted, or rescinded the convictions of 237 people. Many were controversial. Several were in his first year in office: Joe Arpaio, pardoned August 25, 2017; Sholom Rubashkin, 27-year prison sentence commuted December 20, 2017.

Sarsfield was convicted of misdemeanors and a lone felony count alleging a violation of 18 USC 231 by interfering, obstructing or impeding police officers during the heave-ho in the tunnel. As the Court well knows, the closest the defendant got to any of the officers was at least ten (10) feet and there was no proof at trial that Sarsfield even knew there were police officers at the end of the tunnel. Mr. Sarsfield is a worthy candidate for receipt of a presidential pardon and almost assuredly will

receive one once the peaceful transfer of power is complete on January 20, 2025. Like it or not, President-elect Trump will become the President of the United States in in just over two months. He will then be vested with a constitutional power, which he has repeatedly vowed to exercise, enabling him to nullify these entire proceedings with the mere stroke of a pen. To have Mr. Sarsfield, who is unsentenced, remain in custody pending that exercise of presidential power, under these unique circumstances, is simply unnecessary.

Respectfully submitted,

GEORGE T. PALLAS, P.A
Counsel for William Patrick Sarsfield, III
Bar No: FL0108
2420 SW 22nd Street
Miami, FL 33145
305-856-8580
305-860-4828 FAX
george@pallaslaw.com

By:/s/ *George T. Pallas*
 GEORGE T. PALLAS, ESQ.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using CM/ECF system which will send notification of such filing.

By:/s/ <u>George T. Pallas</u><br>
GEORGE T. PALLAS, ESQ